IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENRY T. SANDERS | * |
|     Plaintiff, | |
|   v. | *  CIVIL ACTION NO. DKC-06-1528 |
| UNITED STATES OF AMERICA. | * |
|     Defendant. | |
| | *** |

## **MEMORANDUM**

The United States of America removed this action to this court from the Circuit Court for Prince George's County, Maryland pursuant to 28 U.S.C. §§ 1441 & 1442. The background of the state court matter has been culled from the numerous filings in this court and is as follows:

On or about August 22, 1986, the Veteran's Administration filed an action against Plaintiff in the District Court of Maryland for Prince George's County to recoup an educational loan.[1] Paper No. 20, Ex. 1. On November 7, 1986, the District Court entered judgment in favor of the Veteran's Administration and against Plaintiff for approximately $1,130.01, including principal judgment, interest, costs, and other miscellaneous fees. *Id.*, Ex. 2.

Years later, on October 24, 2005, Plaintiff filed an omnibus motion in the District Court of Maryland for Prince George's County in the aforementioned case. *Id.*, Ex. 3. On November 9, 2005, the District Court conducted a hearing and denied Plaintiff's motion. *Id.*, Exs. 1 & 4. On November 9, 2005, Plaintiff filed a motion for waiver of costs to appeal, which was denied by the District Court. *Id.*, Exs. 1 & 5. On November 15, 2005, the District Court also issued an order reaffirming the 1986 judgment against Plaintiff and indicated that the U.S. Department of Veterans

---

[1] *See United States, Veteran's Administration v. Sanders*, Civil Case No. 0502-0019809-1986 (District Court of Maryland for Prince George's County).

Affairs may file for a lien on any real property owned by Plaintiff to enforce the November 7, 1986 judgment. Paper No. 20, Exs. 1 & 6. On November 23, 2005, Plaintiff filed a motion for reconsideration of the denial of his motion for waiver of costs to appeal, which was denied by the District Court on December 14, 2005.[2] *Id.*, Exs. 1 & 7. According to the docket, Plaintiff did not file a notice of appeal as required by Maryland Rule 7-103. *Id.*, Ex. 1

On November 18, 2005, Plaintiff filed a civil action against the United States in the Circuit Court for Prince George's County.[3] *Id.*, Ex. 9. On January 20, 2006, Circuit Court Judge Thomas P. Smith noted a hearing on the documents filed by Plaintiff, and sent a copy of the hearing notice to the U.S. Department of Veteran's Affairs. *Id.*, Ex. 10. Government counsel states that he contacted Judge Smith's chambers on April 14, 2006, and informed chambers that the United States had not been served with process and the Circuit Court did not have jurisdiction over the United States. Counsel alleges that he informed Judge Smith's chambers that due to the service and jurisdictional issues, an attorney for the United States would not appear at the May 5, 2006 hearing. Government counsel further maintains that on May 3, 2006, he again contacted Judge Smith's chambers to discuss the service and jurisdictional issues and left contact information with Judge Smith's law clerk.

On May 5, 2006, Judge Smith presided over a hearing, and informed Plaintiff that he had to effectuate service of process upon the United States. *Id.*, Ex. 11, T. at 2. Plaintiff informed Judge

---

[2] Plaintiff also filed a motion to strike in the District Court, which was denied on December 15, 2005. Paper No. 20, Exs. 1 & 8.

[3] *See Sanders v. United States of America*, CAL-05-24270 (Circuit Court for Prince George's County). The initial pleading filed in that case, entitled "Requests, Alternatives, Certificate as Notice of Taking Deposition," indicates that Plaintiff was filing the action pursuant to "Title 5, Section 552" and "Maryland Rule 2-422." Paper No. 2. The federal Freedom of Information Act ("FOIA") is contained in Title 5, United States Code, Section 552.

Smith that his case was an appeal from the state district court and that no attorney had appeared on behalf of the Government at the November 9, 2005 state district court hearing on plaintiff's omnibus motion in *United States, Veteran's Administration v. Sanders*, Civil Case No. 0502-0019809-1986. Paper No. 11, T. at 3. According to Defendant, both affirmations were false. Judge Smith, however, accepted Plaintiff's version of the case description, origin, and Government non-appearance and (1) vacated the state district court judgment entered against Plaintiff in November of 2005 and (2) entered default judgment against the United States. Paper No. 20, Ex. 11. Counsel for Defendant states that he did not receive notice of the judgment until one week later, when he contacted Judge Smith's chambers on or about May 17, 2006. Paper No. 18.

The Notice of Removal in this case was filed on June 12, 2006, and was accompanied by relevant documents from the state circuit court docket. Paper No. 1. On June 12 and June 16, 2006, local rule and standing orders were issued. Paper Nos. 15 & 16. On June 19, 2006, Defendant was ordered to provide this court a case status/show cause response to discuss the basis for district court jurisdiction over this matter and the status of any removal notices or post-judgment motions and appeals in the state courts.[4]

Defendant has since filed responses to court order, Paper Nos. 18 & 20, and Plaintiff has filed several extensive pleadings.[5] Paper Nos. 19, 21, 22, & 24-27. The case disposition may be

---

[4] Defendant acknowledges that no post-default judgment motion or appeal was filed in the Circuit Court in *Sanders v. United States of America*, CAL-05-24270, because of jurisdictional and service issues. Paper No. 20. Counsel for Defendant states that a notice of filing the removal was sent to the Circuit Court and received as "filed" on June 13, 2006. Paper No. 20, Ex. 13.

[5] Plaintiff has included self-prepared and issued subpoenas as exhibits. *See* Paper Nos. 22-7, 22-12, 26-8, & 27-3. In the past, Plaintiff had a penchant for completing federal court subpoena forms and issuing them in force to various government agencies, private companies, and individuals, so much so that, on July 13, 1998, this court prohibited him from issuing federal court subpoenas. *See Sanders v. State*, Civil

(continued...)

determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the state default judgment shall be vacated and the instant case shall be dismissed for the failure to exhaust administrative remedies.

A federal district court has power under the general removal statute to set aside a state default judgment which was issued before removal so long as removal is proper. *See Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D. N.Y 1994). According to Defendant, the Government was not served with a copy of the summons and complaint in *Sanders v. United States of America*, CAL-05-24270 and received the judgment order issued by Circuit Court Judge Smith on or about May 17, 2006. Paper No. 18. Defendant claims that said order served as a basis of removal pursuant to 28 U.S.C. §§ 1442 and 1446(b). *Id*. The undersigned has reviewed the pleadings presented to the court and finds that removal was filed in a timely manner and is otherwise proper under 28 U.S.C. § 1442.

The court turns its attention to the state circuit court judgment. Defendant claims that under 28 U.S.C. § 1346, the United States district courts have original jurisdiction of civil actions filed against the United States and, therefore, the Circuit Court for Prince George's County did not have jurisdiction over the United States in *Sanders v. United States of America*, CAL-05-24270. Paper No. 20.

Pursuant to 28 U.S.C. § 1346(a)(2), the federal district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> Any....civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any

---

[5](...continued)
Action No. PJM-97-1654 (D. Md.) at Paper Nos. 37 & 38. Plaintiff was notified that his failure to comply with this prohibition would result in the imposition of sanctions. Although several years have passed since the issuance of that Order, Plaintiff is cautioned that the prohibition remains in force. He is not to issue federal court subpoenas; said subpoenas will be issued only upon order of the court.

4

regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

Plaintiff filed his civil action in the Circuit Court against the United States seeking to compel the production of certain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant correctly observes that the FOIA was created by act of Congress. Consequently, the action is one in which this court has original jurisdiction under § 1346(a)(2).

Further, the state court exhibits demonstrate that Plaintiff's circuit court action was not filed as an appeal, but was instituted as a new civil action, which required that service of process of summons and complaint be effected on Defendant pursuant to Md. Rule 2-124 (m) & (n). The uncontroverted evidence shows that Plaintiff never served Defendant with process.[6] Moreover, from a review of the hearing transcript before Circuit Court Judge Smith, it appears that the determinations entered on May 5, 2006, were based upon deceptive and false information provided by Plaintiff to Judge Smith relating to (1) the origin and nature of the circuit court action and (2) the Government's non-defense and appearance at the earlier district court hearing.[7]

The court consequently concludes that the Circuit Court did not have jurisdiction to enter judgment against the United States based upon this court's original jurisdiction over the new FOIA

---

[6] Plaintiff claims that the Circuit Court Clerk provided Defendant all papers filed with the Clerk. Paper No. 19. The court has scrutinized the pleadings, including state court docket entries, and finds no evidence that Defendant was served with summons and complaint in the Circuit Court matter.

[7] It is not refuted that the circuit court action was instituted as a new case and the Government had entered an appearance and its counsel was present at the November 9, 2005 hearing before the District Court for Prince George's County in *United States, Veteran's Administration v. Sanders*, Civil Case No. 0502-0019809-1986.

5

matter *and* Plaintiff's clear failure to effect service on Defendant. For this reason, the Circuit Court determination shall be vacated.

Having vacated the state court judgment and assumed jurisdiction over this FOIA complaint, the court finds that dismissal of the case is appropriate. The FOIA provides a mechanism for citizens to obtain documents from federal agencies, and grants the federal district courts jurisdiction to review agency compliance with citizens' requests. To make requests under the FOIA, a citizen must follow the agency's published regulations regarding procedures to be followed. *See* 5 U.S.C. § 552(a)(3)(A)(ii); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). Before judicial review of compliance can occur, citizens must exhaust administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990); *see also Gasparutti v. United States,* 22 F.Supp.2d 1114, 1116 (C.D. Cal.1998) ("In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action." ).

Plaintiff has submitted a number of responsive filings with the court. After careful review of those filings, however, the undersigned finds that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies as to his FOIA request. Indeed, there no evidence that Plaintiff filed a request for documents with a federal agency.

Accordingly, a separate Order shall be entered: assuming federal court jurisdiction over this matter pursuant to 28 U.S.C. § 1346; vacating the Circuit Court for Prince George's County, Maryland's May 5, 2006 decision to vacate the ruling of the District Court for Prince George's

County and to enter judgment against Defendant; and dismissing this FOIA Complaint without prejudice for the failure to exhaust administrative remedies. [8]


Date: ____11/14/06_____          _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge

---

[8] Plaintiff's responses also include omnibus motions' requests going to judgment, summary judgment, compelling discovery, civil remedies, compliance, emergency relief, default, relief, assignment, subpoenas, depositions, expedited consideration, trial by jury, and evidentiary hearing. Paper Nos. 19 &21. In addition, Plaintiff has also filed omnibus motions' requests for review settlement agreement, delivery expedited consideration. Paper No. 24. Finally, Plaintiff filed another omnibus motions' requests for writ of certiorari, contempt, directed verdict, judgment default, entry of judgment, writs of attachment, military affidavit, hearing, subpoenas, and waiver of summons. Paper No. 26. Subsequent filings were submitted in support of those motions. Paper Nos. 22, 27 & 28. In light of the final determination of this court, the documents, construed in part as Omnibus Motions for Miscellaneous Relief, shall be denied.